penalty available to Defendants and has effectively de-railed Plaintiff's career as a physician.

39. As a Resident with a disability, Dr. Ekizian was entitled to be treated equally and afforded the same protections as non-disabled Residents but was not. Defendants instead held Plaintiff to a higher standard, and having failed that standard, he was treated more harshly than non-disabled Residents.

40. Defendants forced Dr. Ekizian into an academic rather than non-academic hearing, and thereby circumvented the protections and procedures contained in the GME manual. Defendants denied him access to an arbitration panel, with one panel member consisting of one Resident Physician, ten days notice of the hearing date, written notice of the allegations, a list of witnesses, a summary of each witnesses' testimony, a copy of all documents to be offered, the right to appear and question witnesses, the burden of proof placed on the UTHSC rather than the Resident and a recording of the hearing. Dr. Ekizian was not afforded *any* of these procedural protections even though the chief allegation against him focused more on non-academic rather than academic issues.

41. Even in the academic hearing, Defendants continued to deny Plaintiff due process and equal protection. Defendants provided vague notice of the allegations against him, provided no documentary evidence to support the accusations lodged, and denied him the opportunity to question witnesses or challenge unsupported testimony. Non-disabled students facing the same or similar allegations have not been subjected to similar treatment.

42.     Plaintiff seeks injunctive relief reinstating him to the Residency Program and allowing him to complete his residency training, striking of his dismissal and a new administrative hearing that provides Plaintiff with sufficient due process and equal protection safeguards so that Plaintiff may fairly respond to the allegations against him.

**D.      BREACH OF CONTRACT**

43.     Plaintiff incorporates the previous paragraphs as if fully set forth herein.

44.     Plaintiff and Defendants entered into a contract for Dr. Ekizian's employment that provided for Defendants to pay Plaintiff wages and benefits in exchange for his services as a resident physician. Plaintiff's and Defendants conduct was guided by the Graduate Medical Education Resident Handbook which provided for certain procedural protections in the course of his employment and training. Defendants failed to abide by the handbook rules and procedures thereby breaching contractual obligations existing between the parties.

45.     As a result of these breaches, Plaintiff suffered damages including, but not limited to, loss of wages, benefits, training, past, present and future income and benefit losses, pre-judgment and post-judgment interest, costs, and any other relief to which he may show himself entitled.

## IX.     <u>DAMAGES</u>

46.     Plaintiff incorporates all previous paragraphs as if fully set forth herein. Plaintiff asserts that by virtue of Defendant's violation of the aforementioned statutory, common and constitutional laws, and as a direct and proximate cause of the violation thereof, Ekizian has suffered damages and seeks lost back wages, loss of

past, present and future income and benefits, front pay, reinstatement, compensatory, pecuniary and incidental damages, mental anguish, exemplary damages, a new administrative hearing, pre-judgment and post-judgment interest, costs, and any other relief to which he may show himself justly entitled.

## X.  **RELIEF REQUESTED**

47.   Plaintiff incorporates all previous paragraphs as if fully set forth herein. Dr. Ekizian hereby requests that Defendants be cited to appear and answer herein, and upon a trial of this matter, that the following relief be granted:

     a.    Injunctive relief permitting Plaintiff to resume his studies pending a conclusion of these matters;

     b.    Reinstatement to the Internal Medicine residency program pending a new school hearing on Defendants' dismissal of Plaintiff,

     c.    Order that Defendants hold a new administrative hearing for Dr. Ekizian to provide Plaintiff with all due process, equal protection and procedural safeguards to which he is entitled;

     d.    Monetary damages consisting of past, present and future wages and benefit losses, economic losses, pre-judgment and post-judgment interest;

     e.    Plaintiff seeks front pay, reinstatement, compensatory, pecuniary and incidental damages;

     f.    Punitive damages;

     g.    Emotional distress and mental anguish damages;

     h.    Court costs and litigation expenses;

i.      Injunctive and other equitable relief;

j.      All other relief to which Plaintiff may show himself justly entitled.

## XI.      DEMAND FOR TRIAL BY JURY

48.     Plaintiff hereby demands trial by jury.

Respectfully submitted,

Michael Ekizian
7575 Kirby Drive #2422
Houston, Texas 77030
(TEL) 281-888-4518

*Pro Se Plaintiff*

17

# APPENDIX

| EXHIBIT 1 | Charge of Discrimination-12/15/08 |
|---|---|
| EXHIBIT 2 | Charge of Discrimination-4/23/2010 |
| EXHIBIT 3 | EEOC Dismissal and Notice of Rights-8/27/2010 |
| EXHIBIT 4 | February 9, 2006 Dr. Farnie Letter |
| EXHIBIT 5 | October 13, 2006 Dr. Farnie Letter |
| EXHIBIT 6 | October 9, 2007 Dr. Farnie Letter |
| EXHIBIT 7 | April 23, 2008 Dr. Farnie Letter |
| EXHIBIT 8 | June 13, 2008 Dr. Farnie Memo to File |
| EXHIBIT 9 | June 17, 2008 Letter of Dismissal |
| EXHIBIT 10 | Graduate Medical Education Resident Handbook, Excerpts |

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA<br>☒ EEOC | 460-2008-05597 |

TEXAS WORKFORCE COMMISSION, CIVIL RIGHTS DIVISION          and EEOC

State or local Agency, if any                                         S.S. No.

NAME (Indicate Mr., Ms., Mrs.)        HOME TELEPHONE (Include Area Code)

MICHAEL A. EKIZIAN, M.D.        (281) 888-4518

STREET ADDRESS        CITY, STATE AND ZIP CODE        DATE OF BIRTH

7575 KIRBY DRIVE, UNIT 2422, HOUSTON, TX. 77030

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

NAME UNIVERSITY OF TEXAS-HEALTH SCIENCE CENTER    NUMBER OF EMPLOYEES, MEMBERS OVER 15    TELEPHONE (Include Area Code) (713) 500-6525

STREET ADDRESS        CITY, STATE AND ZIP CODE        COUNTY

6431 FANNIN St. MSB1.134 HOUSTON, TX 77030        HARRIS

NAME        TELEPHONE NUMBER (Include Area Code)

STREET ADDRESS        CITY, STATE AND ZIP CODE        COUNTY

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ AGE

☐ RETALIATION   ☐ NATIONAL ORIGIN   ☒ DISABILITY   ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)    LATEST (ALL)
12/07                  05/08

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

PLEASE SEE ATTACHED SHEETS

STANLEY F. THOMAS
My Commission Expires
October 13, 2010

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Date 12/15/08        Charging Party (Signature)

NOTARY - (When necessary for State and Local Requirements)

NOTARY PUBLIC FOR TEXAS, HARRIS COUNTY

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)
12/15/08

EEOC FORM 5 (Test 10/94)

PLAINTIFF'S EXHIBIT
1

CHARGE OF DISCRIMINATION FORM ATTACHMENT

My name is Michael Ekizian, MD, and I am filing a charge of discrimination charge due to my unexpected and unjustified termination from the Internal Medicine Residency Program at the University of Texas Medical School at Houston in June of 2008.

To provide some background about myself, I am a 1991 Cum Laude graduate of St. John's School here in Houston, a Summa Cum Laude and Phi Beta Kappa graduate of Dartmouth College in 1995, and an honors graduate of the University of Texas Southwestern Medical School at Dallas in 2001.

I began my experience at the University of Texas Medical School at Houston as an unpaid observer in the Department of Internal Medicine and was offered a position as a PGY-1 resident after only 28 days into my observership. I was made this offer with the Program Director's and Texas Medical Board's full knowledge of a disability which I have lived with since 1996. Despite my handicap, I performed superiorly as an intern and as second-year resident as evidenced by my monthly attending evaluations and American Board of Internal Medicine In-Training Exam scores. This statement can be further supported by direct written feedback from patients and other faculty members.

While taking call one night in early December of 2007, I experienced a relapse of my condition. I called the chief resident for help, who summoned a ready-reserve resident to complete my call duties for me. At the end of December, per the recommendation of my physician, I was placed on a 10-day long sick leave, after which I returned to my duties in January.

In May of 2008, I experienced symptoms once again while on a ward service and my lapse in performance was interpreted by my attending physician, Dr. Navid Sadeghi, my co-resident Dr. Allyson McKenney, and my intern, Dr. Yana Kriseman (now a resident in Neurology at the University of California at San Francisco) as incompetence. All of the above named proceeded to submit severely damaging evaluations of me to the Program Director, Dr. Mark Farnie, who, on June 20, 2008, issued me a letter of termination in his office with the residency coordinator, Ms. Susan Jones, present as a witness. The news was completely unexpected, because, contrary to the stipulations outlined in the program's Resident Handbook, no warning, either verbal or written, of an impending termination was ever issued to me. Also, there were no remedial steps taken by the program, nor was guidance for improvement provided by the Program Director as required by the program's policies.

Both my appeals to a university subcommittee (comprised of Dr. Andrew Harper, Dr. Margaret Uthman, and Dr. Sandra Oldham) and to the Dean of the Medical School, Dr. Giuseppe Colasurdo, resulted in the finding that I was adequately warned of impending termination and appropriate guidance was provided, despite the obvious lack of evidence, either issued verbally or in writing, indicating such.

I strongly feel I was discriminated against by the residency program based on my disability, and I was not given adequate due process during my appeals to the university subcommittee and the Dean. The Office of Graduate Medical Education (GME) at the university, directed by Dr. Patricia Butler, has violated the policies outlined in the GME Resident Handbook on at least two occasions during my appeals process, such as failing

to audiotape my hearing before the subcommittee, which should have been made available for the Dean's use in arriving at his decision. The Dean has also violated the policy outlined in the GME Resident Handbook regarding notification of the resident in a timely fashion of his decision.

I have filed complaints with the Office for Civil Rights of the U.S. Department of Education and the Equal Employment Opportunity Commission on the grounds of wrongful termination based on my disability.


Michael Ekizian, MD

# CHARGE OF DISCRIMINATION

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA | **AMENDED** |
| ☒ EEOC | 460-2008-05597 |

TEXAS WORKFORCE COMMISSION, CIVIL RIGHTS DIVISION    and EEOC

*State or local Agency, if any*

NAME *(Indicate Mr., Ms., Mrs.)*
Michael A. Ekizian, M.D.

HOME TELEPHONE *(Include Area Code)*
(281) 888-4518

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 7575 Kirby Drive, Unit 2422 | Houston, Texas 77030 | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)* |
|---|---|---|
| University of Texas – Health Science Center | over 15 | (713) 500-6525 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 6431 Fannin St., MSB1.134 | Houston, Texas 77030 | Harris |

| NAME | TELEPHONE NUMBER *(Include Area Code)* |
|---|---|
| University of Texas System Medical Foundation, Inc. | (713) 500-5243 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 6431 Fannin St., Suite JJL-310 | Houston, Texas 77030 | Harris |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ AGE
☒ RETALIATION   ☐ NATIONAL ORIGIN   ☒ DISABILITY   ☐ OTHER *(Specify)*

DATE DISCRIMINATION TOOK PLACE
*EARLIEST (ADEA/EPA)* 12/07     *LATEST (ALL)* 03/10

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet...)*

NOTARIZE

## PLEASE SEE ATTACHED PAGE CONTAINING AMENDED CHARGE

SIGN HERE    ORIGINAL CHARGE IS ALSO ATTACHED

SIGN HERE

JOSEPH CRAMER
Notary Public, State of Texas
My Commission Expires
June 29, 2013

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)
*Joseph Cramer*

I swear or affirm that I have read the above... to the best of my knowledge, information...

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF COMPLAINANT
*Michael Ekizian*

Date 4/23/2010
Charging Party *(Signature)*
*Michael Ekizian*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(Day, month, and year)*
23 April 2010

PLAINTIFF'S EXHIBIT 2

EEOC FORM 5 (Test 10/94)

## AMENDMENT TO EEOC CHARGE OF DISCRIMINATION

I, Dr. Michael Ekizian, hereby file an Amended Charge of Discrimination to assert a cause of action for retaliation arising from the various retaliatory actions that Respondents University of Health Science Center at Houston and University of Texas System Medical Foundation, Inc. (collectively, "UTHSC") have taken against me because I filed a Charge of Discrimination complaining that UTHSC discriminated against me on the basis of my disability.

UTHSC terminated my residency in June 2008, after failing to accommodate my disability, which is serious mental illness, including depression and bi-polar disorder with a history of psychosis. UTHSC knew of my disability, and knew that I required accommodation of my disability to function effectively as a resident. On December 15, 2008, after exhausting appeals with UTHSC, I filed a Charge of Discrimination explaining UTHSC's disability discrimination against me.

Since this time, UTHSC has retaliated against me, as follows:

(1) UTHSC failed to notify the Texas Medical Board of my removal from clinical responsibilities or UTHSC's refusal to consider returning me to clinical responsibilities.

(2) UTHSC, specifically Dr. Mark Farnie, provided a disparaging and retaliatory letter of recommendation to the National Resident Matching Program, the effect of which has been to deny me of any interviews or matches that would enable me to complete my residency.

(3) UTHSC has failed to fill out requested forms, such as Form L, that would permit me to obtain a license to practice medicine in Texas.

UTHSC's actions are adverse actions taken in retaliation against me for complaining of disability discrimination and filing an EEOC charge. UTHSC's retaliation has caused me significant harm. Specifically, because of UTHSC's actions, I have not been able to find a residency program so that I may complete the ten months of my residency that remain to be completed. Because I have not completed my residency, I am not eligible to sit for medical boards and there unemployable as a physician. UTHSC's retaliation has therefore completely prevented me from practicing medicine.

I have been discriminated against, subjected to different terms and conditions of employment, and suffered retaliation because of my disability and for filing a Charge of Discrimination in violation of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e, *et seq.*, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.,* and the Texas Commission on Human Rights Act, as codified in the Texas Labor Code § 21.001, *et. seq.*

I have not attempted to list every act or detail in this charge.

EEOC Form 161 (11/09)    U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:  Michael A. Ekizian, M D
7575 Kirby Drive #2422
Houston, TX 77030

From:  Houston District Office
1919 Smith St, 7th Floor
Houston, TX 77002

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 460-2008-05597 | Joe Vigil, Investigator | (713) 209-3418 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

R.J. Ruff, Jr.,
District Director

AUG 2 7 2010

(Date Mailed)

cc:
David Kusnerik
Director, GME Programs
UNIVERSITY OF TEXAS SYSTEM MEDICAL FOUNDATION
6431 Fannin St., Ste. JJL-310
Houston, TX 77030

TWC - Civil Rights Division
101 East 15th Street, Room 144-T
Austin, TX 78778-0001

**PLAINTIFF'S EXHIBIT 3**



# THE UNIVERSITY *of* TEXAS

## HEALTH SCIENCE CENTER AT HOUSTON

MEDICAL SCHOOL

Mark A. Farnie, MD

*Program Director, Internal Medicine Residency Training Program &*
*Internal Medicine-Pediatric Residency Training Program*
*Department of Internal Medicine, Associate Professor*

6431 Fannin Street, MSB 1.134
Houston, Texas 77030

713 500 6525
713 500 6530 fax

February 9, 2006

Ms. Linda Corker
333 Guadalupe, Tower 3, Suite 610
Austin, TX   78701
Linda.corker@tmb.state.tx.us

Dear Ms. Corker:

I am writing to you on behalf of Michael Ekizian, MD.  As you know Dr. Ekizian is applying for a Physician in Training Permit.  This has been a very arduous process for him and I am sure for the board.  I have known Dr. Ekizian for almost a year and am familiar with the events in his past.  He nonetheless strikes me as a bright, dedicated individual who seems to be functioning very well.  I have Dr. Ekizian following me on the inpatient and outpatient arenas functioning like a senior medical student.  He does as well if not better than many.  I was so impressed with him I offered him a position in our residency program because I felt he would and could do well.  He even took the In-Training Examination provided by the American College of Physicians; he not only took it but performed at the 89th percentile nationally or 69 percent correct.  This is clearly 2 standard deviations above the mean.  The national mean was only 57 percent correct or the 50th percentile nationally.

Michael is always at conference and morning reports on time and eager to participate.  He has worked well with the other residents in my clinics and on my teams.  I think he will do very well.  He has shown no signs of depression or psychosis in the least.  I will be happy to answer any questions you may have.  You may reach me on my beeper at (713) 736-7112.

Sincerely,

Mark A. Farnie, MD

PLAINTIFF'S
EXHIBIT
4



### THE UNIVERSITY of TEXAS
HEALTH SCIENCE CENTER AT HOUSTON

MEDICAL SCHOOL

Mark A. Farnie, MD
*Program Director, Internal Medicine Residency Training Program &
Internal Medicine-Pediatric Residency Training Program
Department of Internal Medicine, Associate Professor*

6431 Fannin Street, MSB 1.134
Houston, Texas 77030

713 500 6525
713 500 6530 fax

October 13, 2006

Texas Medical Board
c/o Dave Koschel
P.O.Box 384
Tomball, Texas  77377
**RE: Michael Ekizian, MD**

Dear Mr. Koschel:

This letter is directed to you in compliance with the Texas State Board of Medical Examiners requirements that the Internal Medicine Residency Training Program at the University of Texas Medical School at Houston in which Michael Armen Ekizian, MD, is a resident at. The board order number is 06-246.

Michael began here May 1, 2006 and has done five months of rotations. His evaluations have been superior in every regard. He has had no academic or disciplinary problems. We have had no complaints on him in any regards. We are very pleased with his performance and he is performing very well. I am happy to report this to you and we will continue to give you updates on his performance. If you would like to see his individual monthly evaluations from his attendings, I will be happy to forward them to you even though they have all been fine. If you need any further assistance, please do not hesitate to give me a call.

Sincerely,

Mark A. Farnie, MD
Associate Professor and Program Director
Internal Medicine Residency Training Program

PLAINTIFF'S
EXHIBIT
5



# THE UNIVERSITY of TEXAS

## HEALTH SCIENCE CENTER AT HOUSTON

### MEDICAL SCHOOL

Mark A. Farnie, MD
*Program Director, Internal Medicine Residency Training Program &*
*Internal Medicine-Pediatric Residency Training Program*
*Department of Internal Medicine, Associate Professor*

6431 Fannin Street, MSB 1.134          713 500 6525
Houston, Texas 77030                    713 500 6530 *fax*

October 9, 2007

Texas Medical Board
Attention: Dave Koschel
P. O. Box 384
Tomball, TX 77377

Re:    Michael Ekizian, MD

This letter is being sent to you as follow up on Michael Armen Ekizian, MD, a resident in the Internal Medicine Residency Training Program at the University of Texas-Houston Medical School as compliance with the Texas State Board of Medical Examiners, Board Order number 06-246.

Dr. Ekizian began is training, as an Intern, on May 1, 2006 and successfully completed that years training on April 30, 2007. His contract was renewed and he is on track to complete his two years of residency training on April 30, 2009.

Dr. Ekizian has had no academic or disciplinary problems and is performing in an exemplary fashion. We have received a letter from the Chief of Emergency Medicine at Lyndon B. Johnson General Hospital, an affiliated hospital where our residents rotate, commending Dr. Ekizian and his compassionate approach to patients, as well as his attention and support to faculty, nurses, and clerical staff.

We are very pleased with Dr. Ekizian's performance. Should you need any additional information, please do not hesitate to contact me.

Sincerely,

Mark A. Farnie, MD
Associate Professor and Program Director
Internal Medicine Residency Training Program

PLAINTIFF'S
EXHIBIT
6



# THE UNIVERSITY *of* TEXAS

## HEALTH SCIENCE CENTER AT HOUSTON

MEDICAL SCHOOL

Mark A. Farnie, MD
*Program Director, Internal Medicine Residency Training Program &*
*Internal Medicine-Pediatric Residency Training Program*
*Department of Internal Medicine, Associate Professor*

6431 Fannin Street, MSB 1.134
Houston, Texas 77030

713 500 6525
713 500 6530  fax

April 23, 2008

Texas Medical Board
Attention: Dave Koschel
P. O. Box 384
Tomball, TX  77377
Fax #: 281-351-5251

Re:   Michael Ekizian, MD

This letter is being sent to you as a follow up on Michael Armen Ekizian, MD, a
resident in the Internal Medicine Residency Training Program at the University of
Texas-Houston Medical School as compliance with the Texas State Board of
Medical Examiners, Board Order number 06-246.

Dr. Ekizian began his training, as an Inter, on May 1, 2006 and successfully
completed that years training on April 30, 2007.  His contract was renewed and
he is still on track to complete his two years of residency training on April 30,
2009.

Should you need any additional information, please do not hesitate to contact
me.

Sincerely,

Mark A. Farnie, MD
Associate Professor and Program Director
Internal Medicine Residency Training Program

:vsj



PLAINTIFF'S
EXHIBIT
7



# THE UNIVERSITY of TEXAS

## HEALTH SCIENCE CENTER AT HOUSTON

MEDICAL SCHOOL

Mark A. Farnie, MD
*Program Director, Internal Medicine Residency Training Program &*
*Internal Medicine-Pediatric Residency Training Program*
*Department of Internal Medicine, Associate Professor*

6431 Fannin Street, MSB 1.134
Houston, Texas 77030

713 500 65 5
713 500 65 0 %

June 13, 2008

**Letter to File on Dr. Michael Ekizian**

I met with Dr. Ekizian in June 13, 2008 to discuss his progress in the residency. Specifically his last month rotation with Dr. Ashrith at the LBJ General Hospital where he had great difficulty handling his team after they got busy. The interns both complained about him being unavailable during critical times in patient care not answering pagers and wanting to leave before work was done. The fellow resident on the team for that month felt that she had to cover Dr. Ekizian's interns as well. The evaluations from his peers were quite concerning as well as the evaluation from Dr. Ashrith although it was not a completely failing evaluation it is one of Dr. Ashrith's worst evaluations. I spoke with Dr Ekizian about what his life goal was and about his ability to continue in the Internal Medicine Residency Program. He feels he does not have the passion for Internal Medicine and knows he has difficulty with interpersonal relationships. I fell that it is not in good conscious to have him graduate from this residency program because of his inability to affectively take care of patients and deal with the entire medical team. I told him I would be happy to assist him with working to get him into other residencies if that is where he would like to go. I gave him the names of Dr. Marylee Kott and Dr. Reichman to contact concerning getting information about their subspecialties. So we will continue him through October 31, 2008. We will not renew his contract beyond that time frame. We will notify Dr. Ekizian to this effect. We will send him a certified letter as well as a copy of this letter to his file as well as to him. We will notify the GME office and Dr. Ekizian is amidible to whatever my decision was concerning his career in Internal Medicine.

Mark A. Farnie, MD
Associate Professor and Program Director
Internal Medicine Residency Training Program





# THE UNIVERSITY *of* TEXAS

## HEALTH SCIENCE CENTER AT HOUSTON

### MEDICAL SCHOOL

Mark A. Farnie, MD
*Program Director, Internal Medicine Residency Training Program &*
*Internal Medicine-Pediatric Residency Training Program*
*Department of Internal Medicine, Associate Professor*

6431 Fannin Street, MSB 1.134      713 500 6525
Houston, Texas 77030                       713 500 6530 *fax*

June 17, 2008

Michael Ekizian
7575 Kirby Drive
Apartment # 2422
Houston, TX 77030

Re:    Notice of Dismissal

Dear Dr. Ekizian:

After careful consideration of your performance history, the Departmental Education Committee has determined that you lack the minimum competencies that are essential for continuation in the program. The Committee expressed its concerns about your aptitude in working with others and relating to patients. This is exaggerated when the census increases to more than 4 to 5 patients. Based on your performance, the Committee determined you do not have the clinical skills necessary to function effectively in the Internal Medicine Residency Training Program, and your skills and abilities are well below the level required for an Internal Medicine Resident. I concur with the Committee's findings.

Consequently, this letter serves as notice to you that you are dismissed from the Internal Medicine Residency Training Program effective at the end of your current appointment term, which is June 30, 2008. Your last day of employment by The University of Texas System Medical Foundation as a program resident is June 30, 2008.

You are informed and instructed that you are required to surrender all identification badges, pager, and any other University property in your possession to the Program Administrator, Susan Jones, on your last date of employment, which will be June 30, 2008. Your access to University facilities, including e-mail, will be cancelled on your last day of employment and you are instructed that (pending an appeal of this decision, if any) you are not permitted to be on University after June 30, 2008, unless you make a specific written request and have received my prior authorization.



PLAINTIFF'S
EXHIBIT
9

June 17, 2008
Michael Ekizian
<u>Page Two</u>

Enclosed with this letter is a copy of the Graduate Medical Education Resident Handbook which outlines the terms of your agreement with The University of Texas System Medical Foundation, including your right to request a review of this decision by a subcommittee of the Policy Review Committee.  <u>Such review would be limited to the question of whether you were given the requisite notice and guidance by the Program Director and faculty prior to this dismissal action.</u>  Your stipend and benefits will continue for a period of 90 days beyond the effective date of your dismissal from the Program.

A request for review, if you choose to make one, should be delivered within 14 days of your receipt of this letter to:

Patricia Butler, MD
Associate Dean for Education Programs
6431 Fannin Street, JJL 304
Houston, TX  77030

We regret that this action has become necessary and appropriate.  We wish you the best in your future endeavors.

Sincerely,

Mark A. Farnie, MD
Program Director
Internal Medicine Residency Training Program
University of Texas-Houston

cc:    Patricia Butler, MD

Michael Ekizian, MD                                             6/20/08
                                                                Date

**Resident's signature indicates that a copy of this letter was provided to and discussed with the resident.  It does not imply agreement with the contents.**

THE UNIVERSITY OF TEXAS SYSTEM
MEDICAL FOUNDATION



THE UNIVERSITY *of* TEXAS

HEALTH SCIENCE CENTER AT HOUSTON

GRADUATE MEDICAL EDUCATION
RESIDENT HANDBOOK

*Effective for the 2008-2009 Academic Year*



PLAINTIFF'S
EXHIBIT
10

**B.   NOTICE OF APPOINTMENT**

The Notice of Appointment is signed by the Resident Physician and an authorized representative of the Medical School on behalf of the Foundation.

**C.   APPOINTMENT AND REAPPOINTMENT**

*1.*   Selection of the Resident Physician for appointment to the Programs will be in accordance with ACGME Institutional, Common and Specialty/Subspecialty Program Requirements, as well as with Foundation, Medical School, and departmental policies and procedures. Generally, a Notice of Appointment will be issued to an "on-cycle" Resident Physician no earlier than four months prior to the Resident Physician's proposed start date.

The appointment will generally extend for a period encompassing the PGY year (typically 12 months).  Residents may not have concurrent agreements, appointments, and/or contracts with other hospitals or institutions while under appointment to the Foundation.

*2.*   **Federal Health Care Program Exclusions:**  Initial and/or continued appointment shall be subject to the UTHSC-H Exclusion Check policy in HOOP Policy 2.13A (http://legal.uth.tmc.edu/hoop/02/2_13A_guidelines.html)

*3.*   **Criminal Background Checks:**  The Foundation conducts a criminal background check on applicants accepted into graduate medical education positions.  Appointment is expressly contingent in part upon a Resident's consent to and timely completion of the background check.  A copy of the criminal background check policy may be obtained from the GME Office.

*4.*   **Reappointment and Promotion**:  Reappointments and/or promotion to the next level of training may be made annually at the discretion of the Medical School Department Chair and Program Director.  The decision to reappoint or promote a Resident Physician will be based on performance evaluations and an assessment of the Resident Physician's readiness to advance.  In instances where a Resident will not be reappointed or promoted, the Program Director should provide the resident with a written notice of intent not to reappoint or promote no later than four months prior to the end of the Resident's current appointment term. However, if the primary reason(s) for the non-reappointment or non-promotion occur(s) within the four months prior to the end of appointment term, the Program  Director will, prior to the end of the appointment period, provide the resident with as much written notice of the intent not to reappoint or not to promote as circumstances will reasonably allow.  Upon a Resident's timely written request, a Program Director's decision not to reappoint or promote may be reviewed pursuant to section II.Q.1 of this Handbook.

5.   **Restrictive Covenants:**  Resident Physicians are not required to enter into a non-compete or other restrictive covenant agreement with either the Foundation or UTHSC-H as a condition of appointment or reappointment to a Residency Training Program.

**D.   CONTENT OF PROGRAMS**

Programs shall be of sufficient quality and duration so that Resident Physicians who successfully complete a Program should be qualified to sit for board certification examinations in the appropriate specialty area.  This provision will be subject to receipt of the necessary approval from external agencies that accredit training programs and hospitals. The graduate medical education of Resident Physicians in the practice of their specialties will include, but is

deficiencies and outline a plan or program to correct the deficiencies. The plan or program may be formal or informal and may include corrective action (*see* II.Q). It is the responsibility of the Resident Physician to follow up with any questions that he or she may have regarding an evaluation.

## N.  GRIEVANCES

It is the policy of the Foundation to encourage fair, efficient, and equitable solutions for problems that arise out of the appointment of the Resident Physician to the Foundation.

Grievances may involve payroll, hours of work, working conditions, clinical assignments, and issues related to the program or faculty, or the interpretation of a rule, regulation, or policy. The grievance process is not intended to address any aspect of the evaluation of academic or clinical performance or professional behavior, or other academic matters relating to failure of the resident to attain the educational competencies of the Programs *(see* II.Q*)*.

If a Resident Physician has a grievance, he or she should first attempt to resolve it by consulting with (1) the Chief Resident; (2) the Program Director; or (3) the Department Chairperson. If the matter is not resolved to the Resident Physician's satisfaction, the Resident Physician should then present the grievance in written form to the PRC through the GME office.

A grievance subcommittee of the PRC appointed by the PRC chairperson will be assigned to review the grievance. The Resident Physician may be invited or permitted to appear before the subcommittee at the discretion of the subcommittee. After the grievance subcommittee has reviewed all information submitted in writing or in person by the Resident Physician, a decision will be communicated in writing to the Resident Physician and other appropriate, involved persons. The decision of the PRC is final.

## O.  RESIDENT PHYSICIAN IMPAIRMENT

The institutional policy regarding substance abuse among Resident Physicians recognizes the importance of prevention through education, recognition of the impaired Resident Physician, and the counseling and rehabilitation of the impaired Resident Physician. Impaired Resident Physicians and related allegations will be handled in accordance with the GME Committee's Resident Impairment Policy *(see Exhibit C, attached)*.

## P.  COMPLAINTS OF SEXUAL HARASSMENT OR UNLAWFUL DISCRIMINATION

Complaints of sexual harassment and/or other forms of unlawful discrimination are to be addressed in accordance with the regulations found in HOOP Policy 2.04 (http://legal.uth.tmc.edu/hoop/02/2_04.html). Requests for Disability Accommodation should be made in accordance with HOOP Policy 2.18C (http://legal.uth.tmc.edu/hoop/02/2_18C.html ).

## Q.  CORRECTIVE AND/OR ADVERSE ACTIONS

*1.    Academic Actions*
In the event a Resident Physician encounters difficulty meeting and/or maintaining performance standards, including professional behavior standards ("academic difficulty"), the

Resident Physician should seek out the advice and guidance of the Program Director. Likewise, if the Program Director knows that a Resident Physician's performance is unsatisfactory, he or she must contact the Resident Physician and provide adequate verbal and/or written notice and guidance to the Resident Physician about his or her performance and possible corrective action (consistent with section II.M.)

If the Program Director has notified the Resident Physician about his or her unsatisfactory performance, including professional behavior, offered advice and guidance, and, if appropriate, taken corrective action, and the Resident Physician's performance continues to be unsatisfactory, the Program Director, at his or her discretion, may take appropriate academic corrective and/or adverse action. Corrective/adverse actions include, but are not limited to remedial assignments, letters of warning, probation, suspension, non-promotion, non-reappointment, or dismissal from the Program.

Under any circumstances in which the Program Director determines that the unsatisfactory performance, conduct, or behavior of the Resident Physician may constitute a threat to patient safety, he or she may immediately reassign or suspend the Resident Physician pending a determination by the Program Director regarding the ability of the Resident Physician to continue in the Program.

The PRC, or a subcommittee of the PRC, will review those instances of non-promotion, non-reappointment, suspension, or dismissal that the Resident Physician believes was levied against him or her without notice and guidance that would have enabled the Resident Physician to improve his or her performance prior to the corrective/adverse action. The review by the PRC or a subcommittee of the PRC is restricted solely to the determination of whether the requisite notice and guidance was received by the Resident Physician. The Resident Physician must make a written request to the Designated Institutional Official for review by the PRC within 14 days of the date the academic corrective/adverse action in question is levied against the Resident Physician. Due to the time-sensitive nature of these situations, every effort will be made to schedule and conduct all PRC reviews within 14 days after the DIO receives the written request from the Resident Physician. Resident Physicians are expected to be available for their scheduled PRC review.

2. *Non-Academic Action*

In the event allegations of unethical conduct, scholastic dishonesty, theft, or any conduct prohibited by UTHSC-H, The University of Texas System, federal, state, or local law are levied against a Resident Physician, the Program Director may take corrective/adverse action against the Resident, including, but not limited to termination of the appointment of the Resident Physician prior to the end of the appointment term.

If allegations are levied against the Resident Physician that (if confirmed) may subject the Resident Physician to corrective/adverse action, the Program Director will conduct an investigation into the allegations in cooperation with the GME Office. If the investigation substantiates the allegations, notice of the allegations will be delivered by the Program Director to the Resident Physician *via* hand delivery or certified mail with a copy to the GME office.

Upon receipt of a notice of allegations from a Program Director, the GME office will promptly provide a copy of the following procedures to the Resident Physician.

*Procedural Guidelines:*

If the Resident Physician does not dispute the allegations, he or she will be asked to sign a Waiver of Hearing and a penalty may be assessed by the Program Director or Department Chairperson. If the Resident Physician disputes the allegations, or if the Resident Physician admits the allegations but contests the penalty to be assessed, he or she may request a hearing before an Arbitration Committee appointed by the Designated Institutional Official.

The Arbitration Committee will consist of three members, one of whom will be a Resident Physician member from a Residency Training Program. The Arbitration Committee will select its presiding chairperson. The Resident Physician will be given at least 10 days notice of the date, time, and place for such hearing, and names of the members of the Arbitration Committee. The notice will include a written statement of the allegations and a summary statement of evidence alleged to support such allegations. The notice shall be delivered in person or by certified mail and regular U.S. mail to the Resident Physician at the address appearing in the Program records.

The Resident Physician may challenge the impartiality of any member(s) of the Arbitration Committee up to three working days prior to the hearing. The challenged member(s) of the Arbitration Committee shall be the sole judge of whether he or she can serve with fairness and objectivity. In the event a member disqualifies himself or herself, a substitute will be chosen.

At a hearing on the allegations, the UTHSC-H institutional representative has the burden of going forward with the evidence and the burden of proving the allegations by the greater weight of the credible evidence. The following shall apply:

1.  Each party will provide to the GME office a complete list of all witnesses, a brief summary of the testimony to be given by each, and a copy of all documents to be introduced at the hearing. Each party will be provided copies of the above by the GME office prior to the hearing. Deadlines concerning the submission of materials will be set and communicated by the GME office.

2.  Each party will have the right to appear and present evidence in person. The Resident Physician may have legal counsel present outside of the hearing room; however, no attorneys will actually appear as an advocate for either party.

3.  Each party will have the right to examine witnesses on relevant matters.

4.  The hearing will be recorded. If either party wishes to appeal the findings, the record will be transcribed and both parties will be allowed to purchase a copy of the transcript.

The Arbitration Committee will render and send to both parties a written decision, and at its discretion may impose a penalty or penalties.

Either party may appeal an action taken by the Arbitration Committee in accordance with the following procedures:

Within 14 days after the parties have been notified of the decision, either party may give notice of appeal to the Dean of the Medical School. If the decision is sent by mail, the date the decision is mailed initiates the 14-day period. The Arbitration Committee's decision will be reviewed by the Dean solely on the basis of the transcript, if any, and evidence considered at the hearing. In order for the appeal to be considered, all necessary

14

4:10CV4627

&JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Michael Ekizian, M.D.

## DEFENDANTS
University of Texas Health Science Center at Houston, et al.

**(b)** County of Residence of First Listed Plaintiff   Harris
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Harris
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

| | | |
|---|---|---|
| ❏ 1  U.S. Government Plaintiff | ☒ 3  Federal Question (U.S. Government Not a Party) | |
| ❏ 2  U.S. Government Defendant | ❏ 4  Diversity (Indicate Citizenship of Parties in Item III) | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated and Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 610 Agriculture | ❏ 422 Appeal 28 USC 158 | ❏ 400 State Reapportionment |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 362 Personal Injury - | ❏ 620 Other Food & Drug | ❏ 423 Withdrawal | ❏ 410 Antitrust |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Med. Malpractice | ❏ 625 Drug Related Seizure | 28 USC 157 | ❏ 430 Banks and Banking |
| ❏ 140 Negotiable Instrument | Liability | ❏ 365 Personal Injury - | of Property 21 USC 881 | | ❏ 450 Commerce |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Product Liability | ❏ 630 Liquor Laws | **PROPERTY RIGHTS** | ❏ 460 Deportation |
| & Enforcement of Judgment | Slander | ❏ 368 Asbestos Personal | ❏ 640 R.R. & Truck | ❏ 820 Copyrights | ❏ 470 Racketeer Influenced and |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Injury Product | ❏ 650 Airline Regs. | ❏ 830 Patent | Corrupt Organizations |
| ❏ 152 Recovery of Defaulted | Liability | Liability | ❏ 660 Occupational | ❏ 840 Trademark | ❏ 480 Consumer Credit |
| Student Loans | ❏ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ❏ 490 Cable/Sat TV |
| (Excl. Veterans) | ❏ 345 Marine Product | ❏ 370 Other Fraud | ❏ 690 Other | | ❏ 810 Selective Service |
| ❏ 153 Recovery of Overpayment | Liability | ❏ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ❏ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 380 Other Personal | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | Exchange |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | Property Damage | Act | ❏ 862 Black Lung (923) | ❏ 875 Customer Challenge |
| ❏ 190 Other Contract | Product Liability | ❏ 385 Property Damage | ❏ 720 Labor/Mgmt. Relations | ❏ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Product Liability | ❏ 730 Labor/Mgmt.Reporting | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | Injury | | & Disclosure Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ❏ 892 Economic Stabilization Act |
| ❏ 210 Land Condemnation | ❏ 441 Voting | ❏ 510 Motions to Vacate | ❏ 790 Other Labor Litigation | ❏ 870 Taxes (U.S. Plaintiff | ❏ 893 Environmental Matters |
| ❏ 220 Foreclosure | ☒ 442 Employment | Sentence | ❏ 791 Empl. Ret. Inc. | or Defendant) | ❏ 894 Energy Allocation Act |
| ❏ 230 Rent Lease & Ejectment | ❏ 443 Housing/ | **Habeas Corpus:** | Security Act | ❏ 871 IRS—Third Party | ❏ 895 Freedom of Information |
| ❏ 240 Torts to Land | Accommodations | ❏ 530 General | | 26 USC 7609 | Act |
| ❏ 245 Tort Product Liability | ❏ 444 Welfare | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 900Appeal of Fee Determination |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 462 Naturalization Application | | Under Equal Access |
| | Employment | ❏ 550 Civil Rights | ❏ 463 Habeas Corpus - | | to Justice |
| | ❏ 446 Amer. w/Disabilities - | ❏ 555 Prison Condition | Alien Detainee | | ❏ 950 Constitutionality of |
| | Other | | ❏ 465 Other Immigration | | State Statutes |
| | ☒ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

| | | | | | Appeal to District |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ❏ 2 Removed from State Court | ❏ 3 Remanded from Appellate Court | ❏ 4 Reinstated or Reopened | ❏ 5 Transferred from another district (specify) | ❏ 6 Multidistrict Litigation | ❏ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.
Brief description of cause:
Employment discrimination, Dismissal from medical school, denial of due process/equal protection

## VII. REQUESTED IN COMPLAINT:
❏ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE ___   DOCKET NUMBER ___

DATE
11/19/2010

SIGNATURE OF ATTORNEY OF RECORD   pro se Plaintiff
Michael Ekizian

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE